UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

ARELIS MILAGROS RIVERA BARBOSA

DEBTOR

CASE NO.: 19-03597-ESL

CHAPTER 13

## MOTION UNDER SECTION 1329 OF THE BANKRUPTCY CODE

**TO THE HONORABLE COURT:**

**COMES NOW**, DEBTOR, through the undersigned attorney, and respectfully STATES, ALLEGES AND PRAYS:

1. Debtor filed and circulated a MODIFIED PLAN to all parties in interest.
2. The modification is based in that Debtor want to amend the plan in order to:
   a. **To comply with the disbursement schedule.**
   b. **To provide for provision for secured portion on Proof of Claim 12 filed by Puerto Rico's Department of Treasury.**
   c. **To include attorney fees in the amount of $500.00.**
   d.

**WHEREFORE**, it is respectfully requested from this Honorable Court to confirm the post-confirmation amended plan dated December 4, 2019.

## NOTICE

**21 DAYS NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST:**

*You are hereby notified that you have twenty-one (21) days from the date of this notice to file*

Arelis M. Rivera Barbosa
Case No. 19-03597-ESL
Motion Under Section 1329

*an opposition to the foregoing motion and to request a hearing. If no opposition is filed within the prescribed period of time, the Trustee's motion will be deemed unopposed and may be granted without further hearing unless (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If a timely opposition is filed, the court will schedule a hearing as a contested matter.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** that on this same date, I electronically filed the above document with the Clerk of the Court using the CM/ECF Filing System which sends notification of such filing to all those who is this case have registered for received for of notice by electronic mail. I further certify that the foregoing has been served to U.S. Trustee at ustpregion21.hrecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to the non ECF/CM participants: Debtor(s) and parties in interest that have filed notices of appearance, included in the service list attached to the original hereof.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, this 4th day of December 2019.

2

Arelis M. Rivera Barbosa
Case No. 19-03597-ESL
Motion Under Section 1329

/S/ Víctor C. Thomas Santiago
**Thomas & Magriñá Law Offices**
*USDC PR #209807*
127 De Diego Avenue,
Cond. Vallecillo Apt. 1-A
San Juan, Puerto Rico 00911
Tel. (787) 722-5601 Fax (787) 724-6366
E-mail: vthomas@thomasmag.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re: **ARELIS MILAGROS RIVERA BARBOSA**

Case No.: 19-03597-ESL

Chapter 13

XXX-XX- 1745
XXX-XX-_____

☐ Check if this is a Pre-Confirmation amended plan.

☒ Check if this is a Post Confirmation amended plan
Proposed by:
☒ Debtor(s)
☐ Trustee
☐ Unsecured Creditor(s)

**PR Local Form G**
**Chapter 13 Plan dated** ___12/04/2019___ .

☒ If this is an amended plan list below the sections of the plan that have been changed.

2.1, 3.1, 3.5, 4.3, 8

## PART 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this Plan.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

## PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $ 200 | 12 | $ 2,400 | |
| $ 300 | 24 | $ 7,200 | |
| $ 2,110 | 24 | $ 50,640 | |
| | | $ 0 | |
| | | $ 0 | |
| Subtotals | 60 | $ 60,240 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

2.3 Income tax refunds:

Debtor(s) will supply the trustee with copy of each income tax return filed during the plan term within 14 days of the filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refund," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 Additional payments:

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## PART 3: Treatment of Secured Claims

3.1 Maintenance of payments and cure of default, if any.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Coop A/C Jesus Obrero | Retirement Funds | $ 550.10 | $ _____ | _____ % | $ _____ | $ _____ |
| | | Distributed by:<br>☐ Trustee<br>☒ Debtor(s) | | _____ Months | Starting on Plan Month _____ | |

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | ___% | $_____ | $_____ |
| | | Distributed by: ☐Trustee ☒Debtor(s) | | ___ Months | Starting on Plan Month ___ | |
| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
| _____ | _____ | $_____ | $_____ | ___% | $_____ | $_____ |
| | | Distributed by: ☐Trustee ☒Debtor(s) | | ___ Months | Starting on Plan Month ___ | |

*Insert additional lines as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |
| | | | | | | | ___ Months Starting on Plan Month ___ | |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |
| | | | | | | | ___ Months Starting on Plan Month ___ | |

*Insert additional lines as needed.*

3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor. If the Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | ____ Months Starting on Plan Month ____ | Distributed by: ☒ Trustee ☐ Debtor(s) | |
| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
| _____ | _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | ____ Months Starting on Plan Month ____ | Distributed by: ☒ Trustee ☐ Debtor(s) | |

*Insert additional lines as needed.*

3.4 Lien Avoidance.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien. If no monthly payment is listed below, distribution will be prorated according to plan section 7.2.

| Information regarding judicial lien or security interest | Calculation of Lien Avoidance | | | Treatment of Remaining secured claim |
|---|---|---|---|---|
| Name of Creditor | a. Amount of lien | | $ _____ | Amount of secured claim after avoidance (line a minus line f) |
| _____ | b. Amount of all other liens | | $ _____ | $ _____ |
| Collateral | c. Value of claimed exemptions | + | $ _____ | Interest Rate (if applicable) |
| _____ | | | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | d. Total of adding lines a, b and c | | $ 0 | [ ____%]   Months Starting on Plan Month ____ Monthly Payment on secured claim |
| | e. Value of debtor's interest in property | — | $ _____ | $ _____ |

|  |  |  |
|---|---|---|
| f. Subtract line e from d. | $ 0 |  |
| Extent of exemption impairment (check applicable box) |  | Estimated total payments on secured claim $ |
| ☒ Line f is equal to or greater than line a. *The entire lien is avoided (Do not complete the next column.)* |  |  |
| ☐ Line f is less than line a. *A portion of the lien is avoided. (Complete the next column.)* |  |  |

*Insert additional lines as needed.*

3.5 **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| Asociación Empleados de Gobierno | Savings & Dividends |
| Coop A/C Jesus Obrero | Shares in the amount of $490.43 |

*Insert additional lines as needed.*

3.6 **Pre-Confirmation Adequate Protection Monthly Payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of Secured Creditor | $ Amount of APMP | Comments |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the Plan by the trustee are subject to corresponding statutory fee.

3.7 **Other Secured Claims Modifications.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☐ Secured Claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the Trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Claim ID # | Claim Amount | Modified Interest Rate | Modified Term (Months) | Modified P&I | Property Taxes (Escrow) | Property Insurance (Escrow) | Total Monthly Payment | Estimated Total PMTs by Trustee |
|---|---|---|---|---|---|---|---|---|---|
| _____ | ____ | $_____ ☒ To be Pay In Full 100% | ____% | $____ | $____ | $____ | $____ | $ 0.00 Starting on Plan Month ____ | $____ |
| _____ | ____ | $_____ ☒ To be Pay In Full 100% | ____% | $____ | $____ | $____ | $____ | $ 0.00 Starting on Plan Month ____ | $____ |
| _____ | ____ | $_____ ☒ To be Pay In Full 100% | ____% | $____ | $____ | $____ | $____ | $ 0.00 Starting on Plan Month ____ | $____ |

*Insert additional lines as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's Fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one*

☒ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☐ **Fee Application:** The attorneys' fees amount will be determined by the Court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition | $ 290.00 |
| Balance of attorney's fees to be paid under the plan are estimated to be: | $ 3,710.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ 500.00 |

4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.

Check one.

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $ _____522_____ .

| Name of Priority Creditor | Estimate Amount of claim to be paid |
|---|---|
| Puerto Rico's Department of Treasury | $ 522.36 |
| | $ |
| | $ |
| | $ |

*Insert additional lines as needed.*

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Estimated Amount of claim to be paid |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

*Insert additional lines as needed.*

4.6 Post confirmation property insurance coverage

Check one.

☒ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

☐ The debtor(s) propose to provide post confirmation adequate protection to the secured creditors listed below by providing property insurance coverage.

| Name of Creditor Insured | Insurance Company | Insurance Coverage Beginning Date | Estimated Insurance Premium to be paid | Estimated total payments by Trustee |
|---|---|---|---|---|
| | | | $ _____ Distributed by: ☒Trustee ☐Debtor(s) | $ _____ |
| | | | $ _____ Distributed by: ☒Trustee ☐Debtor(s) | $ _____ |

*Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one*

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $ _____ <br> Distributed by: <br> ☒ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |
| _____ | $ _____ <br> Distributed by: <br> ☒ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |

*Insert additional lines as needed.*

### 5.3 Other separately classified nonpriority unsecured claims. *Check one.*

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:(If Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according with plan section 7.2.)

| Name of creditor (Claim No.) | Base for separate classification | Treatment (to be paid prorated) | Amount to be paid on the claim (if applicable) | Interest Rate (if applicable) | Months | Starting on Plan Month | PMT Amount | Estimated total amount of payments |
|---|---|---|---|---|---|---|---|---|
| _____ | _____ | ☐ In Full – 100% <br> ☐ Less than 100% <br> ☐ Paid by co-debtor <br> ☒ Other (Explain) _____ | $ _____ | _____% | _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | ☐ In Full – 100% <br> ☐ Less than 100% <br> ☐ Paid by co-debtor <br> ☒ Other (Explain) _____ | $ _____ | _____% | _____ | _____ | $ _____ | $ _____ |

*Insert additional lines as needed.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

   *Check one.*

   ☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

   ☐ **Assumed Items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased Property or executory Contract | Current Installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ <br>Distributed by:<br>☒ Trustee<br>☐ Debtor(s) | $ _____ | _____ | $ _____ |
| _____ | _____ | $ _____ <br>Distributed by:<br>☒ Trustee<br>☐ Debtor(s) | $ _____ | _____ | $ _____ |

*Insert additional lines as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the debtor(s) upon**

   *Check the applicable box:*

   ☐ plan confirmation.

   ☒ entry of discharge.

   ☐ other: _____.

7.2 **Plan Distribution by the Trustee will be in the following order:**
   *(Numbers bellow reflects the order of distribution; same number means prorate distribution among claims with same number.)*

   1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
   1. Distribution on Attorney's Fees (Part 4, Section 4.3)
   1. Distribution on Secured Claims (Part 3, Section 3.1 total) - *Current contractual installment payments*
   2. Distribution on Post Confirmation Property Insurance Payments (Part 4, Section 4.6)
   2. Distribution on Secured Claims (Part 3, Section 3.7)
   2. Distribution on Secured Claims (Part 3, Section 3.1 total) – *Arrearage Payments*
   3. Distribution on Secured Claims (Part 3, Section 3.2 total)
   3. Distribution on Secured Claims (Part 3, Section 3.3 total)
   3. Distribution on Secured Claims (Part 3, Section 3.4 total)
   3. Distribution on Unsecured Claims (Part 6, Section 6.1)
   4. Distribution on Priority Claims (Part 4, Section 4.5 total)
   5. Distribution on Priority Claims (Part 4, Section 4.4 total)
   6. Distribution on Unsecured Claims (Part 5, Section 5.2)
   6. Distribution on Unsecured Claims (Part 5, Section 5.3)
   7. Distribution on General Unsecured claims (Part 4, Section 5.1)

   Trustee's fees are distributed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1 Check "None" or list the nonstandard plan provisions.

[ ] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

---

8.2 THIS SECTION MODIFIES LBF-G, PART 2, SECTION 2.3: INCOME TAX REFUNDS TO BE USED TO FUND THE PLAN:
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If Debtor(s) need(s) to the use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.
3.1,
8.3 THIS SECTION MODIFIES LBF-G, PART 3: RETENTION OF LIEN:
The lien holder of any allowed secured claim, provided by plan, in its Part 3, will retain its lien.

8.4 This provision supplements Part 3 to provide for the lift of the 362(a) stay. Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of FirstBank and Asoc. de Residentes Urb. Horizonte, as to collateral related to Real Property located at Urb. Horizonte Gurabo and auto with Pentagon Fed as per the lift of stay the Trustee will no make any disbursemtns to this account as secured, without prejudice of creditor amending its claim to unsecured if a deficiency arises after plan is confirmed.

---

## PART 9: Signature(s)

/S/VICTOR C. THOMAS SANTIAGO USDC 209807      Date __12/04/2019__
**Signature of attorney of debtor(s)**

_____      Date _____

_____      Date _____

*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

```
oel Matrix for local noticing        COOP A/C JESUS OBRERO              COOPACA
04-3                                  PMB 159 HC 01 BOX 29030            CALL BOX 1056
se 19-03597-ESL13                     CAGUAS, PR 00726-4900              ARECIBO, PR 00613-1056
strict of Puerto Rico
i San Juan
i Dec  4 10:12:29 AST 2019

RSTBANK PUERTO RICO                   POPULAR AUTO, LLC                  RELIABLE AUTO A DIVISION OF POPULAR AUTO I
DREAU & GONZALEZ LAW                  PO BOX 366818                      PO BOX 21382
 BOX 9024176                          SAN JUAN, PR 00936-6818            SAN JUAN, PR 00928-1382
N JUAN, PR 00902-4176


 Bankruptcy Court District of P.R.     Midland Funding LLC               ASOC RESIDENTES DE HORIZONTES, INC.
se V Toledo Fed Bldg & US Courthouse   PO Box 2011                       CALLE AURORA 176
0 Recinto Sur Street, Room 109         Warren, MI 48090-2011             Gurabo, PR 00778-4047
n Juan, PR 00901-1964


OCIACION EMPLEADOS DE ELA             BANCO POPULAR DE PUERTO RICO       BANCO POPULAR DE PUERTO RICO
 BOX 364508                           PO BOX 11917                       PO BOX 3228
N JUAN, PR 00936-4508                 SAN JUAN, PR 00922-1917            SAN JUAN, PR 00936


RDONA & JIMENEZ LAW OFFICES           CARRIBEAN ALLIANCE INSURANCE COMPANY   CLARO
 BOX 9023593                          PO BOX 71338                       PO BOX 70367
N JUAN, PR 00902-3593                 San Juan, PR 00936-8438            SAN JUAN, PR 00936-8367


PARTAMENTO DE HACIENDA DE PR          DEPARTMENT OF TREASURY             DEPTO TRANSPORTACION Y OBRAS PUBLICAS
NKRUPTCY DEPARTMENT                   BANKRUPTCY SECTION 424 B           SERVICIOS AL CONDUCTOR
 BOX 9024140                          PO BOX 9024140                    PO BOX 41243 MINILLAS STATION
N JUAN, PR 00902-4140                 SAN JUAN, PR 00902-4140            SAN JUAN, PR 00940-1243


RST BANK OF PUERTO RICO               (p)JEFFERSON CAPITAL SYSTEMS LLC   LCDO. OSVALDO L RODRIGUEZ FERNANDEZ
NKRUPTCY DEPARTMENT                   PO BOX 7999                        PO BOX 71418
 BOX 9146                             SAINT CLOUD MN 56302-7999          SAN JUAN, PR 00936-8518
N JUAN, PR 00908-0146


DLAND CREDIT MANAGEMENT, INC.         MONARCH RECOVERY MANAGEMENT, INC.   PENTAGON FCU
 BOX 60578                            PO BOX 16119                       PO BOX 456
S ANGELES, CA 90060-0578              Philadelphia, PA 19114-0119        ALEXANDRIA, VA 22313-0456


PULAR AUTO                            PR TELEPHONE CO                    PUERTO RICO CONSUMER DEBT MANAGMENTM CO,
NKRUPTCY DEPARTMENT                   PO BOX 70367                       PO BOX 363387
 BOX 366818                           SAN JUAN, PR 00936-8367            SAN JUAN, PR 00936-3387
N JUAN, PR 00936-6818


)PENTAGON FEDERAL CREDIT UNION        (p)PORTFOLIO RECOVERY ASSOCIATES LLC   RELIABLE AUTO, A DIVISION OF POPULAR AUTO
IN BANKRUPTCY DEPARTMENT              PO BOX 41067                       PO BOX 21382
O BOX 1432                            NORFOLK VA 23541-1067              SAN JUAN, PR  00928-1382
EXANDRIA VA 22313-1432
```

NCB / JC PENNEY
BOX 965007
LANDO, FL 32896-5007

Synchrony Bank
c/o of PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

THE HOME DEPOT / CBNA
PO BOX 6497
SIOUX FALLS, SD 57117-6497


EJANDRO OLIVERAS RIVERA
EJANDRO OLIVERAS CHAPTER 13 TRUS
BOX 9024062
N JUAN, PR 00902-4062

ARELIS MILAGROS RIVERA BARBOSA
COND LOS PINOS APT 208
BOX 118
CAGUAS, PR 00725-1814

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET SUITE 301
SAN JUAN, PR 00901


CTOR THOMAS SANTIAGO
7 DE DIEGO AVE APT 1-A
N JUAN, PR 00911-1909


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


fferson Capital Systems LLC
Box 7999
int Cloud Mn 56302-9617

Pentagon Federal Credit Union
Bankruptcy Department
P.O. Box 1432
Alexandria, VA 22313

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


)COOP A/C JESUS OBRERO
8 159 HC 01 BOX 29030
GUAS, PR 00726-4900

(d)COOPACA
CALL BOX 1056
ARECIBO, PR 00613-1056

End of Label Matrix
Mailable recipients    36
Bypassed recipients     2
Total                  38